# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| LIENA D. NGUYEN and/or Its Assigners and/or Assignees in Interest,<br><br>  Plaintiff,<br>vs.<br><br>DAVIS COOK, RHONDA COOK, and DOES 1 through 10,<br><br>  Defendants. | CASE NO. 15-cv-0445 (JM) JLB<br><br>ORDER (1) REMANDING ACTION TO STATE COURT AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS |
|---|---|

For the reasons set forth below, the court remands this action to state court and denies Defendant Rhonda Cook's motion for leave to proceed *in forma pauperis*.

On November 18, 2014, Plaintiff Nguyen commenced this action in San Diego Superior Court to remove Defendants from property Nguyen purchased from Chase Bank in September 2014. (Doc. No. 1, Exh. A.) The sole claim is for unlawful detainer, and the complaint states that the amount in controversy does not exceed $10,000. (Id. at 1.)

On February 27, 2015, Defendant Rhonda Cook filed a *pro se* notice of removal to this court, (Doc. No. 1), and an application to proceed *in forma pauperis*, (Doc. No. 2). She contends that this court has subject-matter jurisdiction because her answer asserts that the notice to vacate the premises failed to comply with the

Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.  (Doc. No. 1 ¶ 10.)

Federal courts are courts of limited jurisdiction, and there is a presumption that federal courts lack jurisdiction.  See Kikkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The party seeking to invoke federal jurisdiction has the burden of establishing the basis for federal jurisdiction.  See id.  Federal district courts have original jurisdiction "of all civil actions arising under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and "of all civil actions where the matter in controversy exceeds . . . $75,000 and is between . . . citizens of different States," 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the plaintiff could have initially filed the complaint in federal court.  See 28 U.S.C. § 1441(a).  If removal was improper and the federal court lacks jurisdiction, the federal court must remand the case to state court.  See 28 U.S.C. § 1447(c).  The court is obligated to confirm its jurisdiction *sua sponte*, even if jurisdictional defects are not raised by the parties.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpiller Inc. v. Williams, 482 U.S. 386, 392 (1987).  This means that "a case may *not* be removed to federal court on the basis of a federal defense."  Id. at 393.

In this case, the complaint presents only a state-law claim for unlawful detainer and it limits the amount in controversy to $10,000.  Consequently, the complaint presents no basis for federal jurisdiction under either § 1331 or § 1332.  Defendant Cook's defense under federal law does not change that assessment.

/ / /

/ / /

Accordingly, the court REMANDS this action to San Diego Superior Court and denies Defendant Cook's motion for leave to proceed *in forma pauperis* (Doc. No. 2) because it is moot.

IT IS SO ORDERED.

DATED: March 2, 2015

Hon. Jeffrey T. Miller
United States District Judge